UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
NO. 1:22-cv-22406-DPG

CITIMARINE, L.L.C.,

      Plaintiff,

v.

DOMETIC CORPORATION.

      Defendant.

_____/

## DEFENDANT DOMETIC CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Dometic Corporation ("Dometic Corp."), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), respectfully submits this Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law. At the time Plaintiff, Citimarine, L.L.C. ("Citimarine"), filed its Amended Complaint, Dometic Corp. was neither the owner nor the exclusive licensee of the patent-in-suit. Therefore, this Court lacks subject matter jurisdiction over the Amended Complaint.

## INTRODUCTION

On August 3, 2022, Citimarine filed its Amended Complaint[1] for Declaratory Judgment, seeking declarations from this Court that products Citimarine manufactures and sells do not infringe U.S. Patent No. 8,056,351 ("the '351 Patent"); that the '351 Patent is invalid; and/or that the '351 Patent is unenforceable as to Citimarine and its product(s). [DE 8, (the "Amended Complaint")]. The Amended Complaint names Dometic Corp. as the defendant. *Id*. Dometic

---

[1] Citimarine's original Complaint was filed on August 1, 2022. [DE 1].

Corp., however, is neither the owner nor the exclusive licensee of the '351 Patent. It therefore lacks standing to sue and be sued on the '351 Patent. Accordingly, there is no justiciable "case or controversy" between the two named parties. Under these circumstances, the Court lacks subject matter jurisdiction over Citimarine's Amended Complaint and the Amended Complaint must be dismissed as a matter of law.

## BACKGROUND AND STATEMENT OF MATERIAL FACTS

Citimarine seeks a declaratory judgment from this Court of (1) non-infringement, (2) invalidity, and/or (3) unenforceability of the '351 Patent. As grounds for subject matter jurisdiction, Citimarine relies on the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, as well as 28 U.S.C. § 1338. [DE 8, p. 2]. But the Amended Complaint is premised on the erroneous allegation that Dometic Corp. is the owner of all right, title, and interest in the '351 Patent. *Id*., p. 3. It is not. Indeed, the very letter on which Citimarine relies in support of its jurisdictional allegations specifically states that it was sent on behalf of "Dometic Sweden AB"—not Dometic Corp. Moreover, publicly available records of the United States Patent and Trademark Office ("USPTO"), provides that all rights, title, and interest in the '351 Patent, among others, were assigned to Dometic Sweden AB on May 24, 2019. *See* "Patent Assignment Agreement," attached hereto as **Exhibit 1**. Accordingly, as of the time the Amended Complaint was filed, Dometic Corp. would not have had any right to sue or be sued with regard to the '351 Patent. That means no justiciable controversy exists between the parties, and Citimarine's Amended Complaint must be dismissed for lack of subject matter jurisdiction.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(1), a party can move to dismiss a complaint for lack of subject matter jurisdiction. If the court determines that it lacks jurisdiction, it must dismiss the

complaint. Fed. R. Civ. Pro. 12(h)(3). A plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction properly exists in the federal court. *See Toxgon Corp. v. BNFL, Inc.,* 312 F.3d 1379, 1383 (Fed. Cir. 2002). Standing is a doctrine that "stems directly from Article III's 'case or controversy' requirement," and thus it implicates the Court's subject matter jurisdiction. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). As such, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. "Facial attacks on the complaint require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (internal quotations and citation omitted). In reviewing a facial attack, a court may consider an extrinsic document so long as it is central to the plaintiff's claims and its authenticity is not challenged. *DeCurtis LLC*, 2021 WL 7539904, at *7 (S.D. Fla. Feb. 9, 2021) (citing *Vicky M. v. Ne. Educ. Intermediate Unit 19*, 486 F. Supp. 2d 437, 449 (M.D. Pa. 2007)). This includes, *inter alia*, exhibits attached to a complaint, matters of public record such as court records, letter decisions of government agencies or published reports of administrative bodies, and "undisputedly authentic" documents that the plaintiff has identified as a basis for its claims and which the defendant has attached as exhibits to its motion to dismiss. *Id*.

"Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence*, 919 F.2d at 1529 (internal quotations and citations omitted).

3

While a facial attack affords a plaintiff safeguards similar to those provided in opposing a Rule 12(b)(6) motion, "when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *Id*. Indeed, "because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. Thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.; *see also Morrison v. Amway Corp*., 3232 F. 3d 920, 925 (11th Cir. 2003) (same); *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty*., 501 F.3d 1244, 1251 (11th Cir. 2007) (same).

## **ARGUMENT**

### I.    **To Establish Jurisdiction, There Must be a Justiciable Controversy Between the Parties at the Time a Declaratory Judgment Action is Filed**

A declaratory judgment action does not, by itself, provide jurisdiction. *Spectronics Corp. v. H.B. Fuller Co.,* 940 F.2d 631, 633–34 (Fed.Cir.1991). Rather, the existence of an actual controversy is an "absolute predicate" for declaratory judgment jurisdiction. *Id*.; *see also Malowney v. Fed. Collection Deposit Grp*., 193 F.3d 1342, 1347 (11th Cir. 1999). The Supreme Court has held that an actual controversy requires a "substantial controversy, between parties *having adverse legal interests*, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (emphasis added). Importantly, this "case or controversy must exist at the time the declaratory judgment action is filed." *DeCurtis LLC*, 2021 WL 7539904, at *4 (citing *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1568 (11th Cir. 1995)). Otherwise, any action by the federal court

4

on such a matter would constitute merely an advisory opinion. *Id.* "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory judgment was filed and that it has continued since." *Benitec Australia, Ltd. v. Nucleonics, Inc*., 495 F.3d 1340, 1344 (Fed. Cir. 2007).

## II.   <u>There is No Justiciable Controversy Here Because Dometic Corp. Is Not the Patentee</u>

Only a patentee may bring a civil action for infringement. 35 U.S.C. § 281. Congress has defined "patentee" as "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). Interpreting those together, the Federal Circuit has recognized that the concept of "patentee" includes those holding legal title to the patent and those who have been licensed all of the substantial rights in the patent (*i.e*., an "exclusive licensee"). *See Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1189-93 (Fed. Cir. 2007)).[2] If the plaintiff in a patent infringement case is neither the patent owner nor the exclusive licensee, it does not have standing to sue and no justiciable controversy exists between the parties. *Id*; *see also Alps South, LLC v. Ohio Willow Wood Co*., 787 F.3d 1379, 1382-83 (Fed. Cir. 2015).

The same standards apply where (as here) a plaintiff brings a declaratory judgment action for non-infringement in anticipation of litigation. Under these circumstances, a justiciable case or controversy can exist only if the defendant has a legal interest in the patent at issue that would allow the defendant to bring suit for infringement. *Fina Research, S.A. v. Baroid Ltd.,* 141 F.3d 1479, 1480-81 (Fed. Cir. 1998). In other words, only an owner or exclusive licensee of a patent can have a declaratory judgment action brought against it. *See Marinize Prod. Corp. v. Microbe Guard, Inc.*, No. 06-60530-CIV, 2006 WL 8432253, at \*2 (S.D. Fla. Oct. 31, 2006). This is the

---

[2] In the case of exclusive licensees, courts further recognize that they ordinarily may not sue in their own name alone but must join the patent owner. *Id*.

case because there necessarily cannot be an underlying *justiciable* controversy between the parties if the defendant could not have had standing of its own to bring a ripe, non-moot infringement claim on the patent-in-suit. *BASF Plant Sci., LP v. Nuseed Americas Inc.*, No. CV 17-421, 2017 WL 3573811, at *5 (D. Del. Aug. 17, 2017). Thus, for instance, in *BASF Plant Sci., LP*, the court held that no justiciable controversy existed between the parties in a declaratory judgment action for non-infringement because the defendant was neither the patent owner nor the exclusive licensee and would not have standing to bring suit against the plaintiff. 2017 WL 3573811, at *3.

In the present case, Dometic Corp. is not the "patentee" of the '351 Patent, as it does not hold legal title to the '351 Patent nor has it been granted an exclusive license to the '351 Patent. The original '351 Patent, attached as Exhibit B to Citimarine's Complaint, identifies "Dometic Corporation" as the assignee. *Id.*, p. 16. However, the letter on which Citimarine relies for its claim of subject matter jurisdiction establishes that Dometic Corp. is not in fact the current patentee for the '351 Patent. The letter, attached to the Amended Complaint as Exhibit A (hereinafter, the "C&D" letter), specifically states that it was sent on behalf of "Dometic Sweden AB," not Dometic Corp. Thus, it was Dometic Sweden AB as the patentee—not Dometic Corp.—that demanded Citimarine cease and desist from further manufacturing, selling, or offering to sell certain products under its "CTM brand" that infringe upon the '351 Patent. *Id.* p. 3. Accordingly, based on Citimarine's own uncontroverted exhibits, there is no justiciable controversy between the parties— much less one of sufficient immediacy and reality. Moreover, because the Court need not go beyond the bounds of the Amended Complaint and attached exhibits to find that subject matter jurisdiction is lacking, it can construe the present Motion as a facial attack on jurisdiction and dismiss the Amended Complaint solely on that basis.

However, even were that not sufficient, the lack of subject matter jurisdiction is likewise established by documents of public record. As reflected in the publicly available records of the USPTO, all rights, title, and interest in the '351 Patent, among others, were assigned by Dometic Corp. to Dometic Sweden AB on May 24, 2019. *See* "Patent Assignment Agreement," attached hereto as **Exhibit 1**. Further, according to the Patent Assignment Agreement, Dometic Sweden AB was assigned, among other things, "any and all of [Dometic Corp.'s] claims for damages for past, present, and future infringements [of the '351 Patent], with the right, but not the obligation, to sue for and collect such damages for said use or infringement of [the '351 Patent]." *See id.* at 3. The Patent Assignment Agreement therefore unequivocally establishes that Dometic Sweden AB—not Dometic Corp.—is the patentee for the '351 Patent. *Id.* Thus, regardless of whether the Court construes this Motion as a facial or factual attack on jurisdiction, the result is the same: Dometic Corp. is not the patentee of the '351 Patent.[3]

Because Dometic Corp. was neither the owner nor the exclusive licensee of the '351 Patent at the time Citimarine filed the Amended Complaint, it would have lacked standing to sue Citimarine for infringement. As such, there can be no justiciable controversy between Dometic Corp. and Citimarine in connection with the '351 Patent. Citimarine therefore has not *and cannot* satisfy its burden of demonstrating that subject matter jurisdiction properly exists in federal court.

For all of the foregoing reason, Defendant, Dometic Corp., respectfully requests that the Amended Complaint be dismissed with prejudice and that the Court enter any further relief it deems just and necessary.

---

[3] As noted *supra*, to the extent the Court construes this Motion as a factual challenge to jurisdiction, the Court may consider matters outside the pleadings. *Lawrence*, 919 F.2d at 1528–29.

Dated: October 14, 2022

Respectfully submitted,

*/s/* Robert Theuerkauf
Robert J. Theuerkauf (pro hac vice pending)
Matt P. Dearmond (pro hac vice pending)
**Middleton Reutlinger**
401 South 4th Street, Suite 2600
Louisville, KY 40202
Phone:  (502) 584-1135
Facsimile: (502) 561-0442
rjt@middletonlaw.com
mdearmond@middletonlaw.com


Erica Rutner
**Moore & Lee, LLP**
110 SE 6th St., Suite 1980
Fort Lauderdale, FL 33301
Phone: (703) 940-3763
Facsimile: (703) 506-2051

COUNSEL FOR DEFENDANT
DOMETIC CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of a Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/* Erica Rutner_____
Counsel for Defendant

**SERVICE LIST**

Citimarine, L.L.C,
v.
Dometic Corporation

U.S. District Court, Southern District of Florida
No. 22-cv-22406-DPG